BEALS *vs.* THE HOME INSURANCE COMPANY.

Where a policy of insurance declares expressly, in the body thereof, that the same is made and accepted in reference to the terms and conditions thereunto annexed, one of which conditions is that in case of any loss on or damage to the property insured, it shall be optional with the insurers, to rebuild or repair the buildings within a reasonable time, on giving notice of their intention to do so, within thirty days after receiving the preliminary proofs of loss; and within the specified time after proof of loss, the insurers serve upon the insured written notice of their intention to rebuild the building destroyed, no action will lie, upon the policy, to recover the amount of the loss, until the neglect of the insurers to comply with their offer to rebuild, within a reasonable time.

The insurers having elected to pay the loss by restoring the building burned, they cannot be required to pay in any other way.

No action will lie, upon the policy, after the insured has refused to allow the insurer to enter upon the premises, to rebuild, and has himself proceeded to rebuild, without waiting for the expiration of the thirty days within which the insurers were entitled to make the election to rebuild.

A clause in a condition, giving the insurers thirty days within which they shall have the option to rebuild, is not repugnant to another part of such condition, in which it is stipulated that the company will pay the loss "within sixty days."

ACTION upon a policy of insurance against fire, to recover the amount of a loss of the insured property. The policy expresses that it is on the "brick Franklin House block" of the plaintiff, "occupied for stores and hotel purposes, and situate on the corner of Main and Coach streets, in the village of Canandaigua, N. Y." The complaint describes the subject of insurance as the "brick Franklin House block," and

alleges a loss by fire of that property. The answer admits the issuing by the defendants of "a policy of insurance for four thousand dollars upon the brick Franklin House block situate on the corner of Main and Coach streets in the village of Canandaigua, N. Y.," but alleges that the policy is in the words and figures stated in the answer, setting forth a copy thereof. The plaintiff offered to show that he signed the application upon the assurance of Mr. Salisbury, the agent at Canandaigua through whom the policy in question was obtained, that it was correct. This offer was objected to and the proof was excluded. It is provided in the body of the policy, that if the "assured shall hereafter make any other insurances on the same property, and shall not, with all reasonable diligence, give notice thereof to this corporation, and have the same indorsed on this instrument or otherwise acknowledged by them in writing, this policy shall cease and be of no further effect." There was also a like clause in the conditions annexed to the policy. The policy mentions among other additional insurances on the property, $1000 in the Ontario and Livingston Mutual. It was proved at the trial that, subsequent to the issuing of the policy in question, the plaintiff obtained a policy of insurance upon the same property from the Lamar Insurance Company for $1000, in place of the policy of the Ontario and Livingston Mutual, which was in force by renewal at the time of the fire, and which had not been entered upon the policy in suit, or otherwise acknowledged by the defendants in writing. The policy further provides, "that this policy is made and accepted in reference to the terms and conditions hereto annexed, which are to be used and resorted to, in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for." Among the conditions annexed to the policy is one as follows : "10. In case of any loss on or damage to the property insured, it shall be optional with the company to replace the articles lost or damaged, with others of the same kind and quality, and to rebuild or repair the build-

ing or buildings within a reasonable time, giving notice of their intention so to do, within thirty days after having received the preliminary proofs of loss required by the ninth article of these conditions."

At the time of the loss of the brick Franklin House block there were insurances thereon as follows:

| | |
|---|---:|
| In the Norwich Insurance Company, Connecticut, | $5,000 |
| Albany Mutual Insurance Company, N. Y., . . | 4,000 |
| Lamar Insurance Company, N. Y., . . . . . | 1,000 |
| Home Insurance Company, N. Y., (the defendant,) | 4,000 |
| | $14,000 |

In each of the policies is a condition in respect to rebuilding, similar to the one above recited in the policy of the defendant. Within the time provided in the condition for that purpose, each of the four several companies gave notice to the plaintiff of their intention to rebuild the Franklin House block, and made preparations, and solicited permission to do so, but the plaintiff refused to allow them or either of them to rebuild. On the same day of the fire, which was Saturday, February 11, 1860, the plaintiff made arrangements to build on the site of the block a building of a different description, and on Monday following commenced the removal of the rubbish, and pressed forward the work of preparing the ground and putting up a building, so that early in March the walls of the first story were about completed. Much evidence was given at the trial as to the value of the Franklin House block, the cost of rebuilding, &c., and numerous exceptions to decisions on questions of evidence on those subjects were taken, all of which is immateral, the plaintiff having, as decided by the court, failed to establish a cause of action.

When the plaintiff first rested the case, the defendant moved for a nonsuit on several grounds, which motion was denied. The motion was renewed after all the proofs in the case had been given, on the following grounds:

"1st. That inasmuch as the policy expresses that it is on the brick Franklin House block, and the dining room spoken of by the witnesses formed part of the block in question, and was built of wooden material, the policy was not binding on the property.

2d. That the statements in the application and policy that the block therein mentioned was brick, constituted a warranty that the block was brick; and the fact that the dining room formed part of the block and was of wood, was a breach of the warranty, and the plaintiff cannot recover.

3d. That the obtaining a policy in the Lamar Fire Insurance Company, without giving notice thereof to the defendant and having the same indorsed on the policy or acknowledged by it in writing, avoided the policy in suit.

4th. That the acts of the plaintiff in proceeding to erect another building immediately after the fire, and pressing it forward towards completion without any suspension, in view of the election of the defendant to rebuild, and the notice given by it to the plaintiff to that effect, and the measures taken by it for rebuilding, preclude a recovery in the action.

5th. That it is proved the defendant and the other insurers of the property, according to their contracts of insurance, and within the time provided for by their contracts, gave notice to the plaintiff, in writing, of their intention to rebuild, and the plaintiff refused to and would not permit the defendant or the other insurers to do so. The refusal of the plaintiff was in express words, and also by himself, within the period allowed by the contract for the defendant to give notice, proceeding to erect a building, and pressing it forward towards completion without any suspension."

The court granted the motion and ordered judgment of nonsuit, to which direction the counsel for the plaintiff excepted; and on motion of the plaintiff it was ordered that the case be heard in the first instance at the general term,

before the entry of judgment, and that all proceedings be stayed until the hearing and decision at said term.

The plaintiff appealed.

*Smith & Lapham,* for the appellant.

*T. R. Strong,* for the defendant.

*By the Court,* E. DARWIN SMITH, J.   The motion for a nonsuit in this action was based upon several grounds then specified.   It is sufficient if it was properly granted upon any or either of such grounds.   The chief point discussed here, and upon which the case doubtless turned at the circuit, was whether the plaintiff was entitled to maintain the action for the loss sustained by the fire, the defendant having claimed the right to rebuild under the policy, and having elected so to do. I think I should find no difficulty in sustaining the right of the plaintiff to recover upon all the other points made by the defendant on the trial.   But as I do not see any way to avoid the objection that the defendant had the election to rebuild, I think it unnecessary to discuss any other question.   The policy upon which the action is brought declares, expressly, in the body thereof, that the same is made and accepted in reference to the terms and conditions thereunto annexed, which are to be used and resorted to in order to explain the rights and obligations of the parties thereto in all cases not therein otherwise expressly provided for.   Among other of the conditions annexed to said policy, in the 10th condition it is declared that, in case of any loss on or damage to the property insured, it shall be optional with the company to replace the article lost or damaged with others of the same kind and quality, and to rebuild or repair the building or buildings within a reasonable time, giving notice of their intention so to do, within thirty days after having received the preliminary proofs of loss required by the ninth article of the said conditions. Payment of losses shall be made in sixty days after the loss

shall have been ascertained and proved. The fire occurred on the 11th of February, 1860. The proof of loss was served on the 17th of February on the defendant. On the 8th day of March thereafter the defendant served written notice upon the plaintiff, signed by its vice president, stating that the Home Insurance Company would avail itself of the condition of its policy which reserves the right to rebuild the Franklin House block, (the buildings in question,) insured to him under policy 117 of Canandaigua agency, that being the policy on which this suit is brought. I cannot see why this is not a sufficient and complete notice of the election of the defendant to restore the building destroyed by the fire, under the 10th condition annexed to the policy. It was given within the thirty days after service of the proof of loss. Condition 10, annexed to the policy, provided that it should be optional with the defendant to "rebuild or repair," &c. within a reasonable time, giving notice of its intention to do so within thirty days after receiving proof of the loss. This notice was explicit, and determined the option of the defendant. It was bound afterwards within a reasonable time to rebuild. This it assumed to do, and no action would lie to recover the amount of the loss sustained by the plaintiff from such fire, until the neglect of the defendant to comply with its offer and election to rebuild within such reasonable time. There is no basis made in their complaint, or in the evidence, for a recovery on this ground. On the contrary, it appears that the plaintiff refused to allow the defendant, with the other insurance companies interested in the subject, to enter upon the premises to rebuild; and it appears, besides, that the plaintiff had himself proceeded to rebuild, without waiting for the expiration of the thirty days within which the defendant was entitled to make such election.

The objection that the clause of condition 10, giving the defendant thirty days within which it should have the option to rebuild, is repugnant to the other part of said condition, in which it is stipulated that the company will pay

the loss "within sixty days," &c. and the same is therefore void, is not well taken. The thirty days within which the defendant may elect to rebuild is included within the sixty days, and is simply an election to pay the loss in a particular way, i. e. in rebuilding, and is thus a provision for payment by rebuilding the premises, provided the defendant. elects so to do within thirty days. If the company does not elect to repair or rebuild within thirty days, it loses the right to do so, and must pay absolutely in cash, and the insurance money is then due in sixty days from the time the. loss is proved or ascertained.

The objection that there is no proof that Mr. Willmarth was authorized to give the notice in question, I think not well taken. He assumed to act as vice president of the defendant's company; and it was proved by Mr. Salisbury that he was such officer, and he was acting for and in behalf of the corporation, and his acts were not disavowed, but affirmed by subsequent acts of the corporation and in the defense of this suit.

The objection that the defendant could not alone, within the limit of the amount of the plaintiff's policy, rebuild the buildings destroyed, is not tenable. The company assumed to do so, and was bound to see such building repaired or restored, to absolve it from its liability to pay the $4000 on its policy. It was its business to secure the co-operation, if need be, of the other insurance companies interested in the question, in the work of the reconstruction of the building in question. But it appears that all such companies met at Canandaigua, by representatives, and there determined to join in rebuilding, and so apprised the plaintiff, and served upon him a proposition by builders to rebuild the house consumed by the fire; and it was then represented to him that all of said insurance companies had contracted with the parties Kelsey & Wells, builders in Canandaigua of conceded responsibility, to rebuild the block destroyed by the fire. This was stated to him at the time, and in the presence and

Beals *v.* The Home Insurance Company.

in behalf of representatives from all the insurance companies liable for losses sustained by such fire; and subsequently, on the 27th of March thereafter, a written notice to the same effect was served on the plaintiff by Mr. Salisbury as attorney for all of such insurance companies. I cannot see, therefore, why the election by the defendant to rebuild, &c. was not absolutely made, in proper time; and if this be so, the plaintiff certainly cannot maintain this action. The defendant having elected to pay his loss by restoring the building burned, they cannot be required to pay in any other way. This is the contract between the parties.

The case presents several exceptions in respect to the admission or rejection of evidence, but I do not see that any evidence was rejected that would have changed the plaintiff's case, or any admitted improperly, to his injury. The essential facts upon which the case turned at the circuit were clear and undisputed. The judge was not asked to submit any particular question to the jury, and I do not see how a new trial, if granted for the reception or rejection of evidence upon any ground specified in any of the exceptions could benefit the plaintiff. The fact is clear and palpable, upon the evidence, that the plaintiff, immediately after the fire, commenced the work of rebuilding, without waiting for the lapse of the thirty days within which the defendant had the option to rebuild; that it made the election to rebuild within the thirty days, and was prevented by the plaintiff from doing so. I cannot see, upon these facts, how the plaintiff could have had a verdict at the circuit that could have been sustained. The contract of insurance is one of strict law. Each party stands upon his strict legal rights as declared in the contract. The conditions annexed to the policy of insurance were part of the contract, and bound both parties alike. I think the nonsuit was properly granted. The nonsuit would not have been proper if there was evidence which ought to have been submitted to the jury. A judgment of nonsuit assumes that there is no such evidence, or not suffi-

McClelland v. Remsen.

cient to warrant a verdict upon any material issue in favor of the plaintiff. In granting a nonsuit the circuit judge necessarily, as a general rule, adjudges and decides that there is no such evidence; and when a nonsuit is granted, the plaintiff, if he has duly excepted to such decisions, is entitled to urge, upon the motion for a new trial, that the cause should have been submitted to the jury upon the whole case, unless the attention of the judge was called to some particular question of law, and the decision was expressly put upon some special ground, with the tacit consent of the counsel for the parties that such point was the controlling one in the case. In such event both parties would be deemed to have rested their case upon such questions, and it would be unfair to allow them to take other ground on the motion for a new trial. But that is not this case. The general exception taken here is sufficient to raise the question that the case, upon the whole evidence, should have been submitted to the jury. I think that a new trial must be denied.

[Monroe General Term, March 3, 1862. *Welles, Johnson* and *Smith*, Justices.]