Shoemaker *v.* Glens Falls Insurance Company.

● ● ●

Shoemaker *vs.* The Glens Falls Insurance Company.

Where a policy of insurance against fire referred to the *application*, " for a more full and particular description, and forming a part of this policy ;" and declared that the policy was made and accepted in reference to the terms and conditions therein contained and thereto annexed, which were declared to be a part of the contract; *Held* that by force of such reference, the application was made a part of the contract.

The conditions annexed required that applications for insurance should be in writing, and that any misrepresentation, concealment, suppression or omission of facts or circumstances known to the insured, increasing the hazard, should avoid the policy. The defendant, in an application for insurance upon premises covered by a mortgage, falsely stated that there was no incumbrance thereon; and at the foot of such application covenanted and agreed to and with the insurers that " the foregoing statement is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant and are material to the risk." *Held* that this covenant was a *warranty*.

Whatever is expressly embraced in a policy, or in any condition or collateral instrument annexed thereto and made expressly a part of the contract, is a warranty in respect to the facts specified therein, or clearly referred to.

This rule applies to all substantial statements which relate to the risk, and not to matters merely stated incidentally.

When the question as to the materiality of a statement made by an applicant for insurance arises upon a representation unconnected with a warranty, the materiality of the statement presents a question of fact to be submitted to the jury. But when there is a specific inquiry in regard to incumbrances by mortgage, and the answer is positive, denying the existence of any mortgage upon the premises, the question of the materiality of the statement in respect to the risk is settled by the parties as matter of *contract*.

When a nonsuit is moved for upon the whole case and evidence, and the right judgment or decision is rendered, it will not be set aside, as a general rule, upon exceptions to such decision, because an erroneous reason was given

for denying the motion. But if the point presented for the motion be a sound one, it must be clearly avoided or overreached by other clear facts or points in the case; or else an exception to the erroneous ruling must prevail.

THIS action was brought to recover indemnity for a loss of property by fire, which property was covered by a policy issued by the defendant to the plaintiff, on the 1st of February, 1867, to the amount of $2000, for the term of three years from the last named day, upon the following property :

| | | |
|---|---|---|
| Upon his dwelling house, | . . . . . . . . | $600 |
| " household furniture, | . . . . . . | 300 |
| " wearing apparel, | . . . . . . . | 100 |
| " barn and shed, | . . . . . . . . | 600 |
| " hay and grain, | . . . . . . . . | 200 |
| " live stock, | . . . . . . . . | 100 |
| " farming utensils, | . . . . . . . | 100 |
| | | $2000 |

A portion of the property insured, viz., the barn and its contents, was destroyed by fire, on the night of July 29, 1867; and the plaintiff claimed damages to the amount of $520.

The action was tried at the Steuben circuit in October 1868, before the court and a jury. At the close of the evidence, the defendant's counsel moved for a nonsuit, upon the ground that the contract showed a warranty that there was no incumbrance upon the premises, and that there was no conflict of evidence as to the breach of the covenant; that there was a mortgage upon the premises, given by the plaintiff, which was a valid lien. The motion was denied by the court, and the defendant's counsel excepted. The plaintiff had a verdict for $433.

The defendant moved for a new trial, on the judge's minutes, which motion was denied, and the defendant appealed from the order and decision denying said motion. Judgment was entered in favor of the plaintiff, upon the

verdict, on the 12th day of October, 1868, for $558.20, and the defendant appealed therefrom. The cause now came up for hearing on·said appeals.

*Brown & Sheldon,* for the appellants.

. I. The court erroneously declined to charge the jury, that if they believed the application in evidence is the one drawn up by Price, the agent, and directed to be signed by the plaintiff, then as a matter of law there was a warranty against incumbrances and a breach, and the plaintiff could not recover. · And the court also erred in charging the jury that the application did not constitute a warranty against incumbrances.

·The court, by its·refusal to charge as requested, and the proposition stated to the jury, excluded from the jury the question as to whether the application in evidence was the one executed by the authority of the plaintiff, for him and in his presence, so far as the question of warranty is concerned, and disposed of that question as a matter of law, against the defendant. There was no dispute but what a valid outstanding mortgage existed upon the property at the time the insurance was effected. The defendant's case is thus freed from any embarrassment, on this appeal, by the claim made on the trial, that the application in evidence is not the one the plaintiff made. ·

The policy, by its terms, made the application a part of the contract, the language being, "reference being had to the application of the insured above named, for a more full and particular description, and forming a part of this policy." (*Jennings* v. *Chenango Co. Mu. Ins. Co.*, 2 *Denio*, 75. *Egan* v. *Mu. Ins. Co. of Albany*, 5 *id.* 326.) In the last case the language in the policy is identical, on the above subject, with the one in this case, in all the material parts. (*Murdock* v. *Chen. Mu. Ins. Co.*, 2 *N. Y.* 210. *Chase* v. *Hamilton Ins. Co.*, 20 *id.* 52. *Ripley* v. *Ætna Ins. Co.*, 30 *id.* 136. *Sheldon* v. *Hartford Ins. Co.*, 22 *Conn.* 235.

*Battles* v. *N. Y. Co. Mu. F. Ins. Co.*, 41 *Maine*, 208.) The application being thus made a part of the contract, all that it contained was, in contemplation of law, inserted on the face of the policy, and the construction of the whole instrument, composed of the two papers—the policy and application—becomes important. The application states that there is no incumbrance on the property. Such a statement or stipulation is a warranty. (*Jennings* v. *Chen. Co. Mu. Ins. Co.*, 2 *Denio*, 75. *Kennedy* v. *St. Law. Co. Ins. Co.*, 10 *Barb.* 285. *Mead* v. *N. W. Ins. Co.*, 3 *Selden*, 530. *Glendale Co.* v. *Pro. Ins. Co.*, 21 *Conn.* 19. *Wood* v. *Hartford Ins. Co.*, 13 *Conn.* 533. *Wilson* v. *Herk. Co. Ins. Co.*, 2 *Seld.* 53. *Ripley* v. *Ætna Ins. Co.*, 30 *N. Y.* 136. *Houghton* v. *Manuf. Ins. Co.*, 8 *Metc.* 114.) The warranty is a condition precedent, and unless performed, there can be no recovery. It is immaterial for what purpose the warranty was inserted, or whether the breach related to the cause of the fire. (*Jennings* v. *Chen. Co. Mu. Ins. Co.*, 2 *Denio*, 81. *Angell on Ins.* § 142. *Phillips on Ins.* § 866. 2 *Greenl. Ev.* § 383. *Mead* v. *N. W. Ins. Co.*, 3 *Selden*, 530. *Gates* v. *Madison Co. Mu. Ins. Co.*, 2 *N. Y.* 43. *Ripley* v. *Ætna Ins. Co.*, 30 *id.* 163. *Le Roy* v. *Market Fire Ins. Co.*, 39 *id.* 90.) That such statement in the application was false in fact, was proved by the plaintiff himself, as well as by the documentary evidence. Such a false statement of incumbrances, on the face of the policy, or in the application, when made a part of the policy, was ruled to be a warranty, and a breach thereof to defeat all claim by the assured, in *Bowditch M. F. Ins. Co.* v. *Winslow*, (3 *Gray*, 415, and 8 *id.* 38, and cases cited.) See also *Murphy* v. *People's E. M. F. Ins. Co.*, (7 *Allen*, 239.) And the same rule obtains when the insurance is made by a *stock* as well as by a *mutual* company. (*Draper* v. *Charter Oak F. Ins. Co.*, 2 *Allen*, 573. *Davenport* v. *N. E. M. F. Ins. Co.*, 6 *Cush.* 341. *Richardson* v. *Marine Ins. Co.*, 46 *Maine*, 394.) The express covenant made by the plaintiff, at the end of the application,

does not limit the effect of the clause in the policy making the application a part of the contract, nor restrict the effect of the plaintiff's false statement as a warranty, to the limits of that covenant. (*Draper* v. *Charter Oak, &c.,* 2 *Allen,* 569. *Bowditch M. F. Ins. Co.* v. *Winslow,* 8 *Gray,* 38.) On the contrary, that covenant applies to and embraces the false statement. The plaintiff was required to state, and covenant as to his statement, and he did covenant that the statement in the application, that there was no incumbrance on the premises, was true. 1. There is and could be no question but he knew of the incumbrance, for he admits he did know, and he made the mortgage himself. 2. It was material to the risk; all questions asked in the survey, and answered by the plaintiff, are made material by the parties—the one asking and the other answering. (2 *Allen,* 573. *Patten* v. *Merchants &c. Ins. Co.,* 38 *N. H.* 338. 6 *Cush.* 430.) In *Bowditch M. F. Ins. Co.* v. *Winslow,* (3 *Gray,* 415,) it was held that although the jury had found the false statement or concealment as to incumbrance was immaterial, as an independent question of fact, and although there was evidence tending to show that the mortgage was disclosed to the agent of the company, and there being a covenant like the one in this case, that it was in law material, the insurer should be truly informed on that subject, the company having made the inquiry, and that the assured could not recover. Such statement, whether the property is incumbered, affects the condition, situation and risk of the property.

The court, in *Richardson* v. *Marine Ins. Co.,* says, in reference to the claim of the plaintiff's counsel in that case, that the agreement by the assured, that the application contained a true statement, &c., "in regard to the condition, situation, value and risk of the property insured, &c., could have no reference to the outstanding mortgage;" that "the store and the barn were covered by the mortgage. The company deemed it important to know every-

Shoemaker *v.* Glens Falls Insurance Company.

thing which the questions in the application were suited to elicit. Whether there was a mortgage upon the property upon which the insurance was sought, was one of these questions. This question had a relation to this property, and it cannot be denied that this question had some reference to the condition and situation of the property, touching the title thereto, and that the value of the insurable interest of the plaintiff, and the risk of the insurers, was essentially involved," and it was held the assured could not recover.

It is obvious there is another and stronger reason why the underwriter should know if there is an incumbrance— why such information affects the risk, to wit: If incumbered, there is another insurable interest. The holder of the incumbrance may over insure, and the insurer of the incumbrancer cannot protect himself against such increased moral hazard caused by the over insurance; nor can he against the increased hazard, by reason of the double insurance by the person who holds the title and the person who holds the mortgage; and hence the risk is greatly increased, and the underwriter should have a correspondingly increased premium.

There is nothing in any other part of the contract to modify the covenant of the plaintiff, or release him from the warranty against the incumbrance. The first condition makes the "survey" and description a warranty; but if this were not so, a statement in that "condition," of what the application should contain, would not and could not control the effect of what was inserted in the application in addition to what was required. Statements in the application, in addition to what was required by said condition, stand upon the same footing, and are to be construed and have the same effect as though no requirement was made; and hence the application being a part of the contract, the clause as to incumbrance was a warranty, as above shown, independent of the clause in the condi-

tion making it so, in terms. If the condition, after speci-
fying that the application must contain certain statements,
had provided that a part of the requirements only should
be a warranty, it might perhaps have been different. That,
however, is not this case; the clause shows it was the in-
tention that the whole survey and description should be a
warranty; there is no limitation or discrimination. Again,
we find the application divided into parts or subjects, un-
der different heads. First comes a statement or direction
as to filling up the application. Second, the application
proper. Third, the "survey." Fourth, the covenant. The
survey contains the statement that there is no incum-
brance; therefore the statement, by apt words, in the
above mentioned condition, is made an express warranty.
(*Ripley* v. *Ætna Ins. Co.*, 30 *N. Y.* 136, 138.) But if it
were a misrepresentation, simply, instead of a warranty,
it being in the application it would defeat the plaintiff's
action, whether material or not, since by making the in-
quiry the insurer implies that he considers it so. This
principle is recognized in all jurisprudence. "It is par-
ticularly applicable to written answers to written inquiries
referred to in the policy." (1 *Phil. on Ins.* § 542. *Denni-
son* v. *T. M. F. I. Co.*, 20 *Maine*, 125.) It is also immate-
rial whether the statement (if misrepresentation only) was
made fraudulently or by mistake or accident—the effect
is the same. A policy obtained by misrepresentation is in
legal intendment no insurance at all—it has no legal effect.
(*Gould* v. *York Ins. Co.*, 47 *Maine*, 409. *Clark* v. *N. E. M.
I. Co.*, 6 *Cush.* 342. *Carpenter* v. *Am. Ins. Co.*, 1 *Story*, 57.)

II. The court erroneously refused to charge that the
plaintiff was impeached by evidence of his statements out
of court, different from what he had testified to on the
trial, as to the value of the property, both in his affidavit
before Schofield, and also in his statements to Kelly, Max-
well and Hill; also by being contradicted by these wit-
nesses as to his offering the property for sale; also by his

affidavit before Schofield, that the stable floor was worn; and that in weighing the plaintiff's evidence they should only give it such weight as, under these circumstances, and in view of his appearance on the stand, they thought his evidence entitled to, if anything, which refusal was excepted to by the defendant.

III. The court should have directed a nonsuit, as requested, and should have directed a verdict for the defendant, as requested. The evidence showed that the application in evidence was the only one made by or for the plaintiff; Price so testifies positively. The plaintiff admits he applied for this insurance ; also, that this application was taken at Coon's. Coon gives some evidence on the subject, and that his understanding was the application was in the Agricultural Insurance Company. On cross-examination, he testified it was read over before being signed, and that he cannot say positively it was not in the Glens Falls company. Shoemaker, on being recalled after the defense was developed, said he could not tell what company it was in; and also, in answer to a leading question, that the application was in another company. The plaintiff, in the last answer, must have referred to the fact of applying for insurance, rather than to the paper called the "application," otherwise his prior testimony, in two or three separate instances, would be in direct conflict with the last answer. Thus it appears there was no conflict in evidence as to the application in evidence being the one authorized by the plaintiff, or at least so little conflict that a verdict should not be supported against the clear and positive evidence that it was the same application. It being established that the application in evidence is the one made by the plaintiff, it follows that the plaintiff could not recover, as shown in the first point. Again, the plaintiff accepted the policy, referring to and making this application in evidence part of the contract, (this is

the only application Alderman or the company could have had,) and brings his action upon it.

IV. The exceptions to the admissions of evidence were well taken. As to the exception at folio 53, to proof of Price's agency by his own declarations, Price was a competent witness, and what he said was purely hearsay. Even if he had been an agent, which he was not, what he said in the course of his business and within the scope of his employment, only, could be proved. The agency must be proved *aliunde*, and then the admission may be proved. Here the plaintiff proved what a third party said, to prove he was an agent. Any case might be proved in such way. No fact would be needed; it would only be necessary to get some one to make such statement. As to the other exceptions, it is well settled that parol evidence cannot be given to show that information different from what is contained in the contract was given to the agent by the underwriter—that the warranty cannot be explained, modified or controlled in that way. (*Ripley* v. *Ætna Ins. Co.,* 30 *N. Y.* 161, *and cases cited.*) The ninth condition of the policy provides that " all fraud or attempt at fraud, by false swearing or otherwise, shall cause a forfeiture of all claim on this company;" also to the same effect in the body of the policy.

V. The court should have granted the motion for a new trial. 1st. The errors herein before specified, at least may have prejudiced the defendant's case, and therefore, the defendant was and is entitled to a new trial. (*Williams* v. *Fitch,* 18 *N. Y.* 546. *Erben* v. *Lorillard,* 19 *id.* 299. *Brown* v. *Richardson,* 20 *id.* 472.) 2d. The court had, and now has upon appeal, the right and power to review the whole of the evidence, and upon the whole case, considering both the law and the evidence, to set aside the verdict and grant a new trial. (*Macy* v. *Wheeler,* 30 *N. Y.* 237.) In this view of the case, the verdict should be set aside,

and a new trial granted, for various reasons, in addition to those set forth in the foregoing points.

The jury should have been instructed that if from the whole case as proved to them, (after instructing them properly as to the rule in weighing the plaintiff's evidence,) they were satisfied that the fire was caused by the plaintiff, or by or through his procurement, he could not recover. Had such instructions been given, it is not too much to say that the verdict might have been for the defendant, notwithstanding the prejudice that seems to exist in the minds of jurors against corporations.

It is submitted that the defendant is entitled to a new trial on the case as well as on the exceptions, and that the judgment should be reversed and a new trial awarded accordingly.

*Geo. B. Bradley,* for the respondent.

I. The question of warranty, raised by the defendant, was properly disposed of by the court, and the several exceptions in that respect are not, nor is either of them, well taken. The court having made some remarks to the jury on the question of a breach of the warranty in respect to incumbrances, the defendant " excepted to that portion of the charge which stated that the application in relation to incumbrances was not a warranty." The defendant also excepted to the refusal of the court to charge that there was a warranty against incumbrances. 1. To render a statement of the insured a warranty, it must be inserted in, or made a part of the policy ; and if contained in an application, the application, in that respect, must, by the express terms of the policy, be made a part of it. (*Jefferson Ins. Co.* v. *Cotheal,* 7 *Wend.* 72. *Burritt* v. *Saratoga Mu. Ins. Co.,* 5 *Hill,* 188. *Wall* v. *Howard Insurance Co.,* 14 *Barb.* 383. *Stebbins* v. *Globe Insurance Co.,* 2 *Hall,* 632. *Delonguemare* v. *Tradesmen's Ins. Co., Id.* 589. *Commonwealth Ins. Co.* v. *Monninger,* 18 *Ind.* 352.) Otherwise the

statements of the insured are mere representations preliminary to the contract, and not a part of it, (*Williams* v. *New England Ins. Co.*, 31 *Maine*, 219,) and present questions of fact for the jury to determine, if untrue, whether they were made with intent to deceive, and whether they were so far material as to produce the risk which the company otherwise would not have taken. (*Jefferson Ins. Co.* v. *Cotheal*, 7 *Wend.* 72. *Snyder* v. *Farmers' Ins. &c. Co.*, 13 *id.* 92. *S. C., aff'd*, 16 *id.* 481. *Jennings* v. *Chenango Mu. Ins. Co.*, 2 *Denio*, 81. *Wall* v. *Howard, supra*. *Witherell* v. *Maine Ins. Co.*, 49 *Maine*, 200. 12 *Cush.* 416. 40 *N. H.* 382.) The defendant having, in making its policy, used its own language, cannot be aided by doubtful construction of its terms. And the courts are, or should be, inclined to hold stipulations to be representations, rather than warranties, in all cases where there is room for construction. (*Daniels* v. *Hudson Ins. Co.*, 12 *Cush.* 416. *Wall* v. *Howard Ins. Co.*, 14 *Barb.* 383.) 2. Assuming that the application referred to was made by the plaintiff, then the statement therein in respect to incumbrances is not a warranty. (*a.*) The policy expressly makes the *conditions* thereto annexed a part of the contract, and provides that they shall be resorted to to determine the *rights* and *obligations* of the parties. Then the first article of the conditions provides what the application shall contain, which makes no reference to incumbrances. And referring to the application thus required, it also provides that "such survey and description shall be taken and deemed a part and portion of the policy issued thereon." By these provisions it is apparent that the words "reference being had to the application of the insured above named for a more full and particular *description*, and forming part of this policy," do not make the statement in the application, in reference to incumbrances, a part of the contract. That statement is no part of the application, for the purposes of the operation of the provisions of the policy and con-

ditions, in reference to all which, it must be construed. (*Protection Ins. Co.* v. *Harmer*, 2 *Ohio St. R.* [22 *Ohio*] 452.) (*b.*) And the location in the policy, in reference to what immediately precedes them, and the connection of the words last quoted, fairly show that they are limited to the *description* and *survey;* which is further, proved by the repetition to that effect in the condition providing for making application, and its requisites. (*c.*) The statement at the end of the application, in any event, limits the effect of any statement contained in the application so far that both knowledge of the insured, and materiality to the risk, are requisite to constitute a defense. (*Garcelon* v. *Hampden Ins, Co.,* 50 *Maine,* 580. *Ætna Ins. Co.* v. *Grube,* 6 *Minn.* 82. *Elliott* v. *Hamilton Mu. Ins. Co.,* 13 *Gray,* 139. *Richmondville U. Sem.* v. *Same,* 14 *id.* 459. *Prieger* v. *Exchange Ins. Co.,* 6 *Wis.* 89. *Lindsay* v. *Union &c. Ins. Co.,* 3 *R. I.* 157.) Whether or not the statement in the application, in reference to incumbrances, was material to the risk, was a question for the jury. (*Elliott* v. *Hamilton Mu. Ins. Co.,* *supra.* *Richmondville U. Sem.* v. *Same, supra.* *Columbian Ins. Co.* v. *Lawrence,* 10 *Pet.* 507. 2 *Denio,* 81. 5 *Hill,* 10. 50 *Maine,* 580. 3 *R. I.* 157. 16 *Wend.* 482.) The defendant, not having requested the court to submit that question to the jury, cannot now complain. 3. But by reference to the evidence and charge, it appears that the defendant's exceptions, in respect to warranty, present no question, in that respect. It appears that in 1862 the plaintiff made a mortgage of $550 upon his premises, consisting of one hundred acres of farming land, of the value of $3000 and upwards, the interest on which had been paid annually. That in March, 1867, shortly after the policy was made, he paid $250 on the mortgage. That at the time the agent, Price, solicited him to take insurance, and when application was made, the plaintiff informed the agent of the existence of this mortgage; that the plaintiff could not read or write, and

did not understand that Price inserted the statement of no incumbrance. That the name of the plaintiff, subscribed to the application, is in the handwriting of Price. (*a.*) Upon this evidence the jury were authorized to find that the insertion of the statement of no incumbrance, in the application, was made by the agent, Price, with knowledge of the mortgage, and without the knowledge or consent of the plaintiff. In that case it would follow, as matter of law, upon any view of the relation of the application to the contract, that this statement, thus inserted, could not be available to the defendant as a warranty. (*Rowley* v. *Empire Ins. Co.*, 36 *N. Y.* 550. *S. C.*, 3 *Keyes*, 557. *Roth* v. *City Ins. Co.*, 6 *McLean*, 324. *Patten* v. *Merchants and Farmers' Ins. Co.*, 40 *N. H.* 375. *Kelley* v. *Troy Ins. Co.*, 3 *Wis.* 254. *Beebe* v. *Hartford Ins. Co.*, 25 *Conn.* 51. 2 *Ohio*, 452. 31 *Conn.* 517. 50 *Penn.* 331. 53 *id.* 353.) In that view, alone, the several exceptions upon the question of warranty, taken by the defendant, are not available, even upon the assumption that the application was part of the contract; because, 1. In the motion for a nonsuit the defendant assumed a warranty and breach as matter of law, when, upon the evidence, it could not be assumed that the plaintiff made the application referred to, or that he authorized the insertion of the statement in reference to incumbrances, and it might be found by the jury that the agent who filled out the application was advised and knew of the existence of the mortgage. 2. The request to charge in that respect assumed, as matter of law, the warranty and breach, and that the plaintiff could not recover if the application was the one made out by the agent at the time referred to; notwithstanding the insertion in respect to incumbrances was made by the agent without authority or knowledge of the plaintiff, and notwithstanding he was then informed by the plaintiff, and knew of the incumbrance. This was asking too much. (*LeRoy* v. *Park Ins. Co.*, 39 *N. Y.* 56. *Carpenter* v. *Stilwell*, 11 *id.* 61.

*And see cases above cited.*)   The request also failed to give
effect to the agreement at the end of the application, and
assumed that the incumbrance was material to the risk;
which was also a question for the jury.   (*See cases cited on*
*that question, supra.*)   3. The exception taken to the charge,
in that respect, is equally ineffectual.   The defendant
had assumed that this question of warranty was purely a
question of law, with no question of fact involved, and
had moved for a nonsuit.   The court so understood the
position of the defendant, as appears by the charge.   The
court does not assume to charge or direct the jury, in that
respect, but refers to the ruling previously made on the
motion for a nonsuit.   The exception to this charge, in
view of the evidence, presents no question.   If, therefore,
there was evidence sufficient to authorize the jury to find
for the plaintiff upon the question of warranty, for any
reason, the exception is not available.   (*Barnes* v. *Perine*,
12 *N. Y.* 18.   *Winchell* v. *Hicks*, 18 *id.* 558–565.   *Bidwell*
v. *Lament*, 17 *How. Pr.* 361, *and cases there cited.*)   The
defendant not having requested the court to submit the
question of fact involved, in this respect must be deemed
to have allowed the judge to be substituted in the place
of the jury; and it is sufficient that the evidence author-
ized the conclusion that the plaintiff's right to recover
was not defeated by any warranty and breach..   (*Marine*
*Bank* v. *Clements*, 31 *N. Y.* 43.   *Dowes* v. *Rush*, 28 *Barb.*
180.   37 *id.* 244.)   The above propositions are made on
the assumption that the application was, in the respect
referred to, part of the contract; and in that view there
were three questions of fact for the jury: 1. Did the
plaintiff make the application?   2. Did the plaintiff in-
form the agent of the incumbrance, and did the latter,
with that knowledge and without the authority or knowl-
edge of the plaintiff, insert the statement referred to, in
the application?   3. Was the incumbrance material to

the risk ? But it is not conceded that the portion of the application relating to incumbrances can, in any event, be deemed or taken as part of the contract of insurance.

II. The exception to the charge in respect to the nature and influence of representations, to render it effectual as a defense, is not well taken. The only portions of the charge to which the exception can refer, related to the statement of the insured in respect to the value of the property, and is as follows : " You will have not only to find that he made the fraudulent representation, but that the defendant was induced to do it by this false and fraudulent statement." 1. This portion of the charge is a correct statement of the rule as applied to the subject to which the court referred. (*Jefferson Ins. Co.* v. *Cotheal*, 7 *Wend.* 72–82. *Wall* v. *Howard Ins. Co.*, 14 *Barb*: 383. *Houghton* v. *Manufacturers' &c. Ins. Co.*, 8 *Metc.* 114. *Columbia Ins. Co.* v. *Cooper*, 5 *Penn.* 331. 12 *Cush.* 416. 40 *N. H.* 582.) 2. If the defendant desired a further charge, on the subject of representations of the assured, the request should have been made. It is sufficient that the charge, as made, was correct in respect to any class of representations, although there may have been another class to which it would not apply.

III. The objections and exceptions taken by the defendant to evidence offered and given to prove what was said on the subject of incumbrances, &c., at the time an application was solicited and filled up by the agent, Price, were properly overruled. 1. The defendant had put the agent on the stand, and made him testify to what took place on that occasion, and to what was said, to some extent. That was sufficient to render the evidence in question competent. 2. If the application in evidence was not the one filled up on that occasion, as testified to by the plaintiff and Coon, then what took place there, can benefit or harm nobody ; and that application cannot, in any view, be deemed the application of the plaintiff. 3. But

if, as the defendant claims, the application was on that occasion filled up by the agent, Price, then the evidence was competent to show, 1st. That the plaintiff was not chargeable with any fraud in respect to the question of incumbrances, inasmuch as he informed Price of the mortgage. 2d. That Price inserted the statement with knowledge that it was untrue, and without the knowledge, consent or authority of the plaintiff. (*Protection Ins Co.* v. *Harmer,* 2 *Ohio,* 425. *Rowley* v. *Empire Ins. Co.* 36 *N. Y.* 550. *S. C.,* 3 *Keyes,* 557. *Patten* v. *The Merchants' &c. Ins. Co.,* 40 *N. H.* 375. *Hodgkins* v. *Montgomery Co. Mu. Ins. Co.,* 34 *Barb.* 213. *Masters* v. *Madison &c. Ins. Co.,* 11 *id.* 624. 31 *Conn.* 517. 50 *Penn.* 331.) And this is so, whether the statement be construed to be a warranty or a representation. 3. The defendant cannot with propriety insist that it is not chargeable with the information given by the plaintiff to Price, the solicitor of the application, or with the mistakes of the latter in drawing the application. (*a.*) No such question was raised, by objection or otherwise, although the court charged upon the subject. (*b.*) Assuming that Price was a mere solicitor of applications for insurance, and employed by O. P. Alderman, a local agent of the defendant, to prepare and forward them to the latter, that fact cannot aid the defendant. He was not in the transaction treated as, and did not assume to act as, agent of the plaintiff, who understood him to be the agent of the defendant; the latter having acted upon the application, and issued the policy, cannot give to the relation of Price a character in the transaction different from that which he assumed. The defendant could not constitute an agent for the plaintiff, without the consent of the latter. (*Beebe* v. *Hartford Mu. Ins. Co.,* 25 *Conn.* 51.) And the notice and information given by the plaintiff to Price, under the circumstances, charged the defendant with such information, and with the mistake of Price in filling the application. (*Woodbury Savings Bank* v. *Charter Oak Ins.*

*Co.*, 31 *Conn.* 517.) And this is so if Price were the mere instrument of Alderman, the agent. It might be deemed the act of Alderman, as between the plaintiff and defendant. (31 *Conn.* 517.)

*By the Court*, E. DARWIN SMITH, J. The policy upon which this action is based refers to the application for a more full and particular description, and forming a part of the policy; and it declares that the said policy is made and accepted in reference to the terms and conditions therein contained and thereto annexed, which are thereby declared to be a part of the contract, and are to be used and resorted to to determine the rights of the parties in all cases not otherwise specifically provided for. The conditions annexed require that applications for insurance shall be in writing, and that any misrepresentations, concealment, suppression or omission of facts or circumstances, known to him, increasing the hazard of the property, whether inquiry shall be made in respect to it in the application, or not, shall avoid the policy.

In the application, among other inquiries, is the following: "Have you the title to the premises? Are they incumbered by mortgage, or otherwise? If so, for what sum, to whom, and what is the value of the property thus incumbered?" The answer is "yes." "No incumbrance." "Estimated value $4000." At the foot of the application is the following: "And the said applicant hereby covenants and agrees to and with the said company, that the foregoing statement is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant and are material to the risk." The proofs show that there was, at the time of issuing the said policy, a mortgage on the premises for the sum of $550. The application is dated January 26, 1867, and the policy is countersigned February 4,

1867.  The mortgage proved is dated, and was acknowl-
edged, April 17th, and recorded the 19th, 1862.  It was
also proved on the trial, that this mortgage was unpaid,
up to the time of the fire.  This proof established a clear
breach of the said covenant embraced in the application.
The language used in the policy, in reference to the appli-
cation, is precisely the same used in the policy of the
Mutual Insurance Company of the City and County of
Albany, as stated in *Eager* v. *said company*, (5 *Denio*, 326.)
In that case it was held that the application was part of
the contract, by force of such reference.  (*See also Burritt*
v. *Saratoga Ins. Co.*, 5 *Hill*, 188; *Trench* v. *Chen. Co. Ins.
Co.*, 7 *id.* 122; *Jennings* v. *Same*, 2 *Denio*, 75; 2 *N. Y.* 210;
10 *Barb.* 285; *Ripley* v. *Ætna Ins. Co.*, 3 *N. Y.* 136.)  It
follows from these cases, I think, that the covenant con-
tained in this application is a *warranty.*  Whatever is
expressly embraced in the policy, or in any condition or
collateral instrument annexed thereto and made expressly
a part of the contract, is a warranty in respect to the facts
specified therein or clearly referred to.  This rule applies
to all substantial statements which relate to the risk, and
not to matters merely stated incidentally.  (1 *Phillips on
Insurance*, 418.  *Wood* v. *Hartford Ins. Co.*, 13 *Conn.* 533.
*O'Niel* v. *Buffalo Fire Ins. Co.*, 3 *N. Y.* 122.)

The question remains: What is the contract, as stated
or contained in said application?  The covenant is that
said statement is a just, full and true exposition of all the
facts and circumstances in regard to the condition, value
and risk of the property, *so far as the same are known to the
applicant, and are material to the risk.*  The existence of
this mortgage must have been known to the applicant.
It was his own act and deed, and he could not be allowed
to allege or pretend ignorance in respect to its existence.
Was it *material to the risk?*  The covenant has that quali-
fication.  It asserts that the statement is true, so far as it
relates to all matters inquired about and answered therein

*material* to the risk. Whether the existence of this mortgage upon the premises was material to the risk, is the question that remains on this branch of the case. If this question arose upon a representation unconnected with a warranty, the materiality of the statement would present a question of fact to be submitted to the jury. (*Angell on Ins.* § 152. 1 *Phillips*, 105. 2 *id.* 504. *Wells* v. *Howard Ins. Co.*, 14 *Barb.* 383.) But when, as in this case, there is a specific inquiry in regard to incumbrances by mortgage, and the answer is positive, denying the existence of any mortgage upon the premises, the question of the materiality of the statement in respect to the risk is settled by the parties as matter of *contract*. The inquiry itself makes the answer material to the risk, or in effect suggests that the insurers so regard it, in fixing their rates of premium and accepting the risk and issuing the policy. The question then is not an open one, as one of fact, whether the existence of the mortgage in this case was or was not material to the risk.

In the case of *Draper* v. *Charter Oak Ins. Co.*, (2 *Allen*, 569,) where the application was made part of the policy, as in this case, and the same contained a covenant at the end, in the precise language used in the application in this case, the court held that the inquiry made as in this case, whether the premises were incumbered by mortgage, or otherwise, and answered " no," made the existence of a mortgage on the premises at the time material to the risk, by force of the contract. The same decision upon the question, upon similar policies of insurance, was made in *Patten* v. *Merch. and Farmers' Ins. Co.*, (38 *N. H.* 338;) *Davenport* v. *New Eng. Fire Ins. Co.*, (6 *Cush.* 340;) *Strong* v. *Manuf. Ins. Co.*, (10 *Pick.* 40 ;) *Ripley* v. *Ætna Ins. Co.*, (30 *N. Y.* 136 ;) and *Le Roy* v. *Market Fire Ins. Co.*, (39 *id.* 90.) Upon this view of the law of the case, arising upon the face of the policy and the application referred to therein, the defendant's motion for a nonsuit should have

been granted, unless the plaintiff was entitled to recover, notwithstanding, on some other ground.

The nonsuit was moved for, at the end of the trial, on the express ground that the contract showed a warranty that there was no incumbrance on the premises, and the motion was denied, I should think, from what is stated in the charge of the judge, expressly on the ground "that the application and answer did not constitute a warranty." Where a nonsuit is thus moved upon the whole case and evidence, and the right judgment or decision is rendered, it will not be set aside, as a general rule, upon exceptions to such decision, because an erroneous reason was given for denying the motion. (*Beal* v. *Home Ins. Co.*, 36 *Barb.* 614.) But if the point presented for the motion be a sound one, it must be clearly avoided or overreached by other clear facts or points in the case, or else an exception to the erroneous ruling must prevail. In this view I think if the question had been distinctly submitted to the jury upon the single issue whether Price, the defendant's agent in procuring this insurance, was at the time fully informed by the plaintiff, of the existence of the mortgage in question, and himself made the mistake of causing the plaintiff apparently to make a false answer to the inquiries respecting incumbrances, I should think the erroneous decision upon the question of the warranty, on the motion for a new trial, might be held immaterial, and the verdict, notwithstanding, be sustained, within the cases of *Rowley* v. *Empire Ins. Co.*, (36 *N. Y.* 550;) *Plumb* v. *Cattaraugus Mu. Ins. Co.*, (18 *id.* 392;) *Bidwell* v. *North W. Ins. Co.*, (24 *id.* 302;) *Robie* v. *Hartford Ins. Co.*, (25 *Conn.* 51;) *People's Ins. Co.* v. *Spencer*, (53 *Penn.* 353.) But there was a conflict in the testimony on that point and other issues, and I do not see by the charge that that issue was distinctly presented to the jury as a controlling one in the case. The case was tried and submitted to the jury upon the theory that this statement was a mere representation,

and that the plaintiff was entitled to recover, unless he had been guilty of making a fraudulent representation as to this incumbrance, or as to the value of the insured property, or the fire which caused it was a dishonest and fraudulent one. But even if this were so in respect to this motion for a nonsuit, I do not see how the exception taken at the close of the charge, to that part of it which stated that the application in relation to the incumbrances was not a warranty, can be overcome.

The case having been submitted to the jury upon the whole evidence, the defendant was entitled to have a correct charge and ruling in respect to that proposition. I do not see, therefore, how we can refuse to grant a new trial.

In respect to the other exceptions taken during the progress of the trial, or at the close of the charge, I do not see any substantial error; but will refrain from discussing them particularly, as upon a new trial the case will necessarily assume a new aspect, and the same questions may not arise.

I think the judgment must be reversed, and a new trial granted, with costs to abide the event.

New trial granted.

[MONROE GENERAL TERM, September 6, 1869. *E. D. Smith, Johnson* and *Dwight*, Justices.]