## Egan *vs.* The Mutual Ins. Co. of the City and County of Albany.

Where in a policy of insurance against fire, the following clause was inserted immediately after the description of the property insured: " Reference being had to the *application* for a more particular description *and forming a part of this policy;*" held that all the stipulations in the application were engrafted into the policy and formed part of the contract of insurance.

Therefore, where an application thus referred to, declared that if the assured should suffer a judgment which should be a lien upon the insured premises, without communicating it to the insurers, that the policy should be void; *held* that the provision was an express warranty in the contract of insurance; and it having been broken, the policy was held void.

Where the application in such a case provided that the insured should only be obliged to pay as if they had insured two-thirds of the actual cash value of the property insured; *held* a part of the contract, and that a recovery for a loss should be limited to the proportion stated

Error to the mayor's court of the city of Albany. The action in the court below was on a policy of insurance against fire, by the insured against the insurers. The property had been destroyed by fire within the period insured; and the plaintiff had a verdict and judgment in the court below for the amount of the loss, which the defendants sought to review on this writ of error. The facts upon which the questions of law arose are sufficiently stated in the opinion of the court.

*D. Wright,* for the plaintiffs in error, insisted that the application was a part of the policy; and that paper having declared that the suffering judgments to become a lien on the property should avoid the policy unless the facts were communicated to the insurers, that was a warranty; and it having been broken, the plaintiff below could not legally recover. The court below clearly erred in directing a verdict for more than two-thirds of the value of the property.

*N. Hill, Jr.* for the defendant in error, 1. The application is a mere proposition, or rather it is a part of the negotiation which resulted in the making of the policy. All propositions

and negotiations of this character are merged in the policy, which is to be taken as conclusive evidence of the terms upon which the minds of the parties finally met. (1 *McCord's Ch. Rep.* 504, 5 ; 16 *Wend.* 481 ; 4 *Hill,* 329.) 2. The application in this case is referred to in the policy, for the mere purpose of a more particular description ; and it is made a part of the policy for that purpose alone. (7 *Hill,* 122, 124.) If there is any uncertainty as to this question, in the terms of the policy, the construction is to be against the insurers, it being their language. (*Chit. on Contr.* 95 *to* 98, *Am. ed. of* 1842.) The object of declaring the descriptive representations in the application a part of the policy was to give them the effect of a warranty, which they would not have, but for the words " and forming part of this policy." The reference to the application in this policy is not in the same language, as in the cases in which it has been determined that it was a part of the contract.

*By the Court,* BEARDSLEY, Ch. J. Immediately after a brief description of the property insured we find the following clause in this policy : " *Reference being had to the application of the said Kiran Egan for a more particular description and forming a part of this policy.*" It was argued by the counsel for the defendant in error, that this reference to the application was not made with a view to engraft all its stipulations into the contract of insurance, but for the single purpose of a more " particular description" of the property insured. I cannot assent to this as a correct interpretation of the clause. It was conceded on the argument that if the clause of reference had contained but a single additional word, so that it would have read " for a more particular description and *as* forming a part of this policy;" the entire application would have been made a part of the contract ; and such, upon adjudged cases, would, certainly, have been the result. (*Burritt* v. *The Sar. County Mu. Ins. Co.,* 5 *Hill,* 188 ; *Trench* v. *The Chenango County Mu. Ins. Co.,* 7 *id.* 122 ; *Jennings* v. *The Same,* 2 *Denio,* 75.) I am unable, however, to see any solid ground for a distinction, in principle and effect, between these different

forms of reference. The word *as* is, perhaps, usually inserted in these clauses, and it may be conceded that it gives point to the reference, so that no doubt can in such case remain, that the entire application was intended to be made a part of, the contract between the parties. The degree of certainty in such a reference exceeds that in the present case. Still, I cannot say that the latter, although less direct, should receive a more restricted interpretation. It seems to me that it affirms with all requisite certainty, that the application forms a part of the policy, and in this sense I think it should be understood and enforced.

It is expressly declared in the application, that if an insurance is effected pursuant thereto, and the insured "shall suffer any judgment or decree, operating as a lien on said property or any part thereof, to pass against him, the policy shall be void, unless he shall make a representation thereof in writing to the directors of said company, stating"—"in whose favor such judgment or decree was rendered, and in case such representation is made, said directors shall have power to give their assent to the same, or to cancel said policy, as they shall judge proper, on examination."

This clause forming part of the contract of insurance, constituted an express warranty that if any such judgment or decree should pass against the applicant, so as to become a lien on the property insured, the policy should be void, unless a proper representation thereof was made in writing to the directors. (1 *Phil. on Ins.* 346.) The insurance was on this condition, and although the warranty was promissory the party insured was bound to a strict performance. (*Ellis on Ins.* 28 ; *Hughes on Ins.* 308 ; 1 *Phil. on Ins.* 346.) On the trial the defendants offered to prove that several judgments were rendered against the insured, after the making of the policy and before the fire, and which became liens on the house which was burned and for which the plaintiff sought to recover. This evidence was rejected by the court, and the counsel for the defendants excepted. I think the court below erred in excluding this evidence. Had the fact been proved as offered, it would have

shown a palpable breach of the contract of warranty, and the policy must have been held void unless a proper representation in regard to the judgments had been made by the insured.

I also think the court erred in holding that the plaintiff was entitled to recover the full value of the house destroyed. The application, which was in every respect a part of the contract of insurance, has this clause : " The real property above specified is herein estimated by me at two-thirds of its cash value. Such estimate, however, is not to be conclusive on the company ; and should I be insured pursuant to this application, I agree that in case of loss by fire, the said company shall only be obliged to pay as if they had insured two-thirds of the actual cash value of said property, any thing contained in this application or the policy of insurance to the contrary notwithstanding." Parties must be allowed to make such contracts as they please, unless illegal in their terms or spirit. (*Beadle* v. *The Chenango County Mu. Ins. Co.*, 3 *Hill*, 161.) These parties agreed that the company should only be bound " to pay *as if they had insured two-thirds* of the actual cash value of said property." Clearly, on such an insurance the company could never be liable for the *full value* of the property insured. Yet the court held, in this case, that the plaintiff was entitled to a verdict for the full value of the house destroyed. This was erroneous.

Judgment reversed.