CHARLES R. KNOWLES, RESPONDENT, v. THE AMERICAN INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, APPELLANT.

*Fire insurance — severable risks in a single policy — prior insurance, known to the insurer's agent when it issued its policy — cancellation of a policy.*

Two policies of insurance were issued by the American Insurance Company of Boston, Mass., to John J. Schermerhorn, the assignor of Charles R. Knowles, one upon a hop-house, bearing date in December, 1890, and the other dated in March, 1891, insuring the hops in the house, viz., $1,200 on the stock of hops grown in 1889, and $800 on the hops grown in 1890. The policy upon the hops providing that the entire policy should be void, if the subject of the insurance was personal property and was or became incumbered by a chattel mortgage.

There was, in fact, a chattel mortgage upon the crop of 1889, but none upon that of 1890, the two crops being kept separate.

In an action brought upon the policies the plaintiff recovered for the loss on the hop-house and upon the crop of 1890.

Upon an appeal by the defendant from this judgment:

*Held*, that the recovery for the crop of 1890 was proper.

That the risks as to that crop, and as to the crop of 1889, were severable.

That the policy must be construed to mean that the entire policy should be void as to the personal property which was mortgaged, but not as to such property as was free from mortgage.

As to the policy upon the hop-house it was shown that when that policy was issued the defendant's agent was told of a prior insurance, and that he directed the insured to have it canceled, which was done within a few days after the policy in suit was issued.

*Held,* that there being such knowledge on the part of the defendant's agent, at the time the policy was issued, it could not successfully defend an action upon its policy, under a condition of the policy that it should be void if the insured then had, or should thereafter procure, other insurance.

The prior policy of insurance covered the property insured by the policy on the hop-house issued by the defendant, and any loss thereunder was payable to Charles R. Knowles, mortgagee, as his interest might appear.

*Held,* that the company issuing the prior policy of insurance might cancel it without the consent of Knowles, at least to the extent of the hop-house, in which it was conceded that Knowles had no interest.

APPEAL by the defendant, the American Insurance Company of Boston, Mass., from a judgment of the Supreme Court, entered in the clerk's office of Albany county on the 11th day of February, 1892, upon a verdict for the plaintiff for $1,158.25, after a trial at the Albany Circuit before the court and a jury; and also an appeal from an order of said court, entered in said clerk's office on the 9th day of February, 1892, denying a motion for a new trial.

The action was brought to recover the loss by fire under two policies of insurance issued by the defendant insuring John J. Schermerhorn.

One policy upon a hop-house contained the following clause :

This entire policy, unless otherwise provided by agreement, indorsed hereon or added hereto, shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy.

The defendant alleged in its answer that a prior policy of insurance had been issued by the New Scotland Mutual Insurance Company, covering all the property insured by the two policies in suit, and that the loss under such prior policy was, by its terms, made payable to Charles R. Knowles, mortgagee, as his interest might appear, and that such policy was in full force and effect when the two policies in suit were applied for and issued.

*Jacob L. Ten Eyck,* for the appellant.

*S. S. Hatt,* for the respondent.

PUTNAM, J.:

This action is brought upon two policies of insurance issued by defendant to plaintiff's assignor. The first dated December 2, 1890, for $700, upon a hop-house; the second dated March 5, 1891, insuring the hops in said house, viz., $1,200 on the stock of hops grown in 1889, and $800 on the stock of hops grown in 1890. The whole property was destroyed by fire on March 16, 1891.

On the trial, it appeared that there was a chattel mortgage upon the crop of 1889, and the court below held that, by the terms of the policy under which plaintiff claimed, it became void as to those hops, in consequence of such mortgage; and he withdrew that portion of plaintiff's claim from the jury. But, he held, there being a separate insurance of $800 upon the crop of 1890, and the mortgage being only upon the crop of 1889, that the claims under the policy were severable, and that plaintiff could recover for the latter crop.

There was evidence from which the jury could find that the value of the building insured in the first policy was $700, and that the crop of 1890 was worth $400 and upwards. The jury found for the plaintiff $1,158.25.

Various questions of fact were raised upon the trial; for instance, as to the claim of defendant that the insured set fire to the building in question; that he swore falsely on his examination and in his proofs of loss; that he concealed the facts of the first insurance and the chattel mortgage. I do not think it necessary to consider these matters. The said questions were properly submitted to the jury, and the testimony tending to establish the claim of defendant was not so preponderating upon the trial that we could properly set aside the verdict as contrary to the evidence. The court, in his charge to the jury, stated that defendant had waived the defense as to the real estate mortgage, and withdrew that defense from the jury, to which ruling, by the court, no exception was taken. The court also held that there was no evidence on which defendant could go to the jury on a claim of false swearing in the proof of loss, to which holding, also, defendant took no exception.

Therefore, there are only two questions I deem necessary to discuss, viz.: Was the policy issued upon the hop-house avoided because of the previous policy thereupon issued by the New Scotland Mutual Insurance Company? And, second, the policy on the

personal property being void as to the hops of 1889, could a recovery be had for a loss on the crop of 1890?

As to the latter question, I reach the conclusion, with some hesitation, that the view taken by the trial judge was correct. The hops were kept separate, and in the policy were separately insured. I see no reason why a mortgage on crops of 1889, in violation of the terms of the policy, should avoid it as to the separate insurance on the crop of 1890. It is true the terms of defendant's policy differs somewhat from cases below cited in the use of the word "entire." The policy in question is as follows: "This entire policy * * * shall be void * * * if the subject of the insurance be personal property, and be or become incumbered by a chattel mortgage." It is not clear that the word "entire" changes the meaning of the clause above quoted from what it would be without that word. But I think that the above-quoted provision should be construed to mean, in such a case as this, that the entire policy shall be void as to the property incumbered by the mortgage.

Here, in one policy, is an insurance of $1,200 on the hops of 1889, which were subject to the chattel mortgage, and in the same policy a separate insurance of $800 on the hops of 1890 not incumbered, the two classes of hops being kept separate.

The instrument says the *entire* policy shall be void if the subject of insurance be personal property, and incumbered. It will be observed it does not say if the property, *or any part of it*, be incumbered. The clause avoiding the policy, if the property insured is incumbered, should not be held to apply to a separate class of property separately insured in the policy and unincumbered, any more than if such separately insured and unincumbered property was so insured by a separate policy.

The authorities in this State support the conclusion of the trial justice that, although the policy in question became void as to the hops of 1889, because of the mortgage, the plaintiff could recover for the crop of 1890. (*Merrill* v. *The Agricultural Ins. Co.*, 73 N. Y., 452; *Schuster* v. *The Duchess County Ins. Co.*, 102 id., 260; *Pratt* v. *The Dwelling-House Mut. Fire Ins. Co.*, 130 id., 206, 221.)

In *Smith* v. *The Agricultural Insurance Company* (118 N. Y., 526), cited by appellant, the policy was a peculiar one. It pro-

vided that if either the real or personal property insured, or any part of it be incumbered, the entire policy, and every part of it, shall be void. If the policy in this case had provided that the entire policy should be void, if the property insured or any part of it become incumbered, the case would be different.

The appellant insists that the court below should have dismissed the complaint on account of the prior insurance on the property. This insurance did not cover the crop of 1890, and as no recovery was had for the crop raised in 1889, it is only necessary to consider this question as to the policy upon the hop-house.

There was evidence in the case which the judge below, in a fair charge, submitted to the jury to the effect that, when the policy in question was issued, the agent of defendant was told of the prior insurance and knew of its existence, and that he directed Schermerhorn to have the same canceled, and the latter, within a few days, directed the agent of the New Scotland Company to cancel said policy as to the hop-house and hops, and that said agent did thereupon cancel said policy by noting the fact of the cancelment on the application and on the bond, and making the necessary changes in the books of the company. Assuming this evidence to be true (and we may assume the jury so found), it effected a cancelment of the policy as to the hop-house and hops, as held by the trial court. (See *Crown Point Iron Co.* v. *Ætna Ins. Co.*, 127 N. Y., 608.)

I think the company could cancel the policy without the consent of the mortgagee, Knowles, at least as to the hops of 1890, and the hop-house, in which property it is conceded that Knowles, as mortgagee, had no interest.

We are referred by the respondent to the case of *Continental Insurance Company* v. *Horton* (28 Mich., 174) as determining that a provision in a policy against a double insurance is not violated by a prior policy known to both parties, and which it was understood was to be canceled, and which was canceled about the time of the issuing of the policy in suit. In my judgment the doctrine laid down in that case should be followed.

The jury in this case, on the question of fact submitted to them, could have very well found with the defendant. But assuming that the plaintiff's statement was true — that he told defendant's agent of the prior policy; that it was agreed that such policy should be

canceled, and that within a few days it was so canceled according to agreement — it is not reasonable that the fact of the existence of the New Scotland policy for a few days only after the issuing of the policy in suit should defeat plaintiff's recovery.

The general rule, as claimed by appellant, that where the powers of the agent of an insurance company are restricted by the terms of the policy, the insured is bound to take notice of such restriction, and the agent cannot, in violation thereof, waive condition of the policy is well settled. (*Quinlan* v. *The Providence Washington Ins. Co.*, 133 N. Y., 356.)

But this principle is often held not to apply as to facts existing, contrary to the conditions of the policy *when it was issued*, to the knowledge of the insurance company's agent. In such a case it is presumed that the consent of the company to the existence of such a state of facts was omitted by mistake to be stated in the policy, and the company is estopped from setting up such a defense. (*Short* v. *Home Ins. Co.*, 90 N. Y., 16; *Van Schoick* v. *Niagara F. Ins. Co.*, 68 id., 434; *Woodruff* v. *Imperial F. Ins. Co.*, 83 id., 134; *McNierney* v. *Agricultural Ins. Co.*, 48 Hun, 243; *Walsh* v. *Hartford F. Ins. Co.*, 73 N. Y., 11; *Kenyon* v. *K. T. and M. M. A. Assn.*, 122 id., 257.)

I think, under the circumstances, plaintiff's policy was not avoided by the failure to indorse upon it the consent of defendant to the prior insurance; and the insured having carried out the agreement to procure a cancellation of the prior policy, the fact of the existence of such last-named policy does not constitute a defense to the action.

Other exceptions than those considered were taken at the trial by the defendant. I have examined them, but do not think they require discussion, or should lead to a reversal of the judgment.

The judgment should be affirmed, with costs.

MAYHAM, P, J., and HERRICK, J., concurred.

Judgment affirmed, with costs.