William Kiernan, both Individually and as Executor, etc., of James Kiernan, Deceased, and Esther Kiernan, Appellants, *v.* The Agricultural Insurance Company of Watertown, N. Y., Respondent.

*Fire insurance — indorsement on a policy — policy upon real and personal property, separately valued — condition avoiding the entire policy for an incumbrance upon a part of the insured property.*

On the death of James Kiernan and the admission of his will to probate, his son and executor, William Kiernan, took possession of real and personal property devised and bequeathed to him, consisting of a farm, dwelling house, household furniture, barns and farming utensils and stock, and took out a New York standard policy of fire insurance on the buildings and personal property valued separately. The policy ran to "William Kiernan and mother." There was at the time a mortgage on the land, and the policy provided that the loss, if any, on the buildings was payable to the "mortgagee and assured, as interests may appear" Shortly after the issuance of the policy, the agent of the insurance company, at the request of the mortgagee and with the consent of William Kiernan, indorsed on the policy and signed the following words. "It is hereby understood that this property is held by and insured in the name of William Kiernan, executor of James Kiernan estate, and mother."

The policy provided that the entire policy should be void if the insured property, real or personal, should be incumbered. Thereafter William Kiernan executed chattel mortgages upon the insured personal property, except the household furniture, and a judgment was recovered and docketed against him. The dwelling house and furniture were subsequently burned, and an action was brought against the insurance company for a reformation of the policy, by striking therefrom the clauses as to incumbrances, on the ground of representations alleged to have been made by the defendant's agent, and to recover for the loss of the house and furniture.

*Held,* that a case for reforming the policy was not made out.

The plaintiffs insisted that the chattel mortgages made by William Kiernan did not invalidate the policy, for the reason that after the above indorsement on the policy, only the property of the estate of James Kiernan, deceased, and that of his widow, were insured.

*Held,* that the indorsement in question had no effect in changing the interests of the parties insured in the property

The plaintiffs further contended that their claim was divisible, and that mortgaging the personal property, other than the furniture, did not invalidate the insurance upon the house and furniture, as they were separately valued in the policy.

*Held,* that as the policy provided that the entire policy should be void if the insured property, real or personal, should be incumbered, and as the judgment against William Kiernan had become a lien upon the realty, it must be held,

under the circumstances, that the policy was rendered wholly void, and that not even a recovery for the loss of the furniture could be had thereunder.

The doctrine approved and applied — that, although a building and its contents may be separately valued in a policy of fire insurance, yet if the policy provides. that "this entire policy shall be void," in the event of the violation of certain conditions, and such violation affects the realty or building only, the loss is not severable, and the entire policy is void.

APPEAL by the plaintiffs, William Kiernan, individually and as executor, etc., of James Kiernan, deceased, and Esther Kiernan, from a judgment of the Supreme Court in favor of the defendant, the Agricultural Insurance Company of Watertown, N. Y., entered in the office of the clerk of Cattaraugus county on the 29th day of September, 1892, upon a decision of the court rendered after a trial at the Cattaraugus Special Term, dismissing the complaint.

The policy in suit states that it "does insure Wm. Kiernan and mother."

*E. L. Northrup*, for the appellants.

*A. H. Sawyer*, for the respondent.

LEWIS, J.:

The action was brought for a reformation of a policy of insurance issued by the defendant to the plaintiff, and upon the policy as reformed, to recover judgment for $2,300, for loss of a dwelling house and furniture therein by fire. The policy was for $2,000 on a dwelling house; $300 on household furniture and other personal property therein; $600 on barn No. 1; $500 on produce therein; $100 on barn No. 2; $200 on farming utensils; $200 on horses, and $200 on cattle. The form of the policy was the one provided for by chapter 488 of the Laws of 1886, and is known as the standard fire insurance policy of the State of New York. There was in the main body of the policy a provision as follows: "If the subject of insurance be personal property, and be or become incumbered by a chattel mortgage, * * * or if any change......take place in the interest......of the subject of insurance......whether by legal process or judgment," the entire policy shall be void.

The policy also contained a provision as follows: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions

as may be indorsed hereon or added hereto ; and no officer, agent or other representative of this company shall have the power to waive any provision or condition of this policy, except such as, by the terms of this policy, may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto ; nor shall any privilege or permission, affecting the insurance under this policy, exist or be claimed by the insured, unless so written or attached."

Other provisions were added to the policy in the form of a rider attached thereto by mucilage. There was contained in the rider a description of the property insured, separately valued, and among other provisions the following : " If the property, real or personal, covered by this policy be or become incumbered by a mortgage, trust deed, judgment or otherwise, this entire policy shall be void, unless otherwise provided by agreement indorsed hereon or added hereto."

The property insured was situated in the town of Ellicottville, Cattaraugus county, and belonged, during his lifetime, to James Kiernan, who was the husband of the plaintiff Esther, and father of William Kiernan. James Kiernan died on the 10th day of September, 1890, leaving a last will and testament, by the terms of which the insured property was devised and bequeathed to the plaintiff William Kiernan, subject to some conditions not material to mention.

The will was duly admitted to probate on the sixteenth day of the same month, and the plaintiff William went into possession of the property, and thereafter made application for and obtained the policy of insurance in question ; and on the 15th day of December, 1891, the dwelling house and contents were destroyed by fire. The plaintiff in his complaint asked for a reformation of the policy by striking therefrom the clauses as to incumbrances upon the insured property, alleging that they were not a part of the contract between the parties for the reason that defendant's local agent, at the time the policy was issued, represented to the insured that the provisions

therein as to incumbrances were not to be considered as a part of the contract of insurance and were of no effect, and that the plaintiff accepted the policy and paid the premiums relying upon such representations.

There was upon the farm upon which the dwelling house was situated at the time of the insurance, a mortgage running to Thomas W. Litchfield to secure $2,300. The policy provided that the loss, if any, on the buildings was payable to Thomas W. Litchfield, mortgagee, and insured, as interests may appear.

The policy was delivered to the plaintiffs on the 17th day of August, 1891, and on the eighth day of October thereafter, at the request of the mortgagee, Litchfield, and with the consent of the plaintiff William Kiernan, who was the acting executor of his father's will, the defendant's local agent wrote across the face of the rider attached to the policy as follows: " October 8th, ' 91. It is hereby understood that this property is held by and insured in the name of William Kiernan, executor of James Kiernan estate, and mother." Signed by the agent. There was at the time of the delivery of the policy, a chattel mortgage of $600 given by the plaintiff William Kiernan to H. M. Harmon, upon the cows, horses and hay insured in the policy.

The trial judge held that the agent had notice of this mortgage at the time of issuing the policy.

After the delivery of the policy a chattel mortgage securing the same debt secured by the mortgage to Mrs. Harmon before mentioned, and interest, amounting to $635, was given to Mrs. Harmon, and thereafter, and on the 7th day of October, 1891, the plaintiff William Kiernan executed and delivered to Elihu S. Stewart, as president, etc., a chattel mortgage upon the cows, horses, hay and farming utensils insured by the policy; and on the 30th day of November, 1891, he gave another chattel mortgage upon other personal property upon the farm included in the policy of insurance, for the sum of eighty-nine dollars, and on the 8th day of October, 1891, a judgment was recovered against the plaintiff and others for the sum of $670.46, and was docketed on that day in the Cattaraugus county clerk's office, and became a lien upon the dwelling house.

It is the contention of the plaintiff that these chattel mortgages do not invalidate the policy, for the reason that after the indorse-

ment of October eighth, only the property of the estate of James Kiernan, deceased, and that of his widow was insured.   The indorse ment upon the rider mentioned, we have seen, was made at the request of the mortgagee, Litchfield, he entertaining the opinion that it was necessary in order to protect his mortgage.

We do not see that the indorsement had any effect in changing the interests of the parties insured in the property.   By the will of the father it was vested in the plaintiff William Kiernan, subject to his mother's dower interest, and the indorsement mentioned did not in any way change the rights or interests of the parties therein.

The plaintiffs farther contend that their claim is divisible; that mortgaging the cows, horses and farming utensils did not invalidate the insurance upon the house and furniture, as they were separately valued in the policy.

This argument, so far as the dwelling house is concerned, leaves out of view the recovery of the judgment against the parties insured. The policy provided that incumbering the property by judgment should make it void, and, as we have seen, after the issuing of the policy, plaintiffs permitted the docketing of the judgment mentioned, which became a lien upon the premises upon which the insured house was located.   The recovery of this judgment must be held to prevent a recovery for the loss of the dwelling house; but the judgment cannot be said to have incumbered the household furniture before levy thereon, and as none of the chattel mortgages covered the household furniture, the question is presented whether under this policy the plaintiffs are entitled to recover for the loss of the household furniture.   As we have seen, the policy provides tha' " if the property, real or personal, be incumbered by mortgage," etc., " the entire policy shall be void."

In *Merrill* v. *The Agl. Ins. Co.* (73 N. Y. 452), the property insured was itemized and separately valued.   The policy contained a condition that if the property insured should be or become incumbered by mortgage or otherwise it should void the policy.   A portion of the property insured was incumbered by a mortgage, and the court held that the claim was divisible and that plaintiff could recover the value of the property insured that was not mortgaged. But it will be observed that in that case the policy did not provide that the entire policy should be void in case the insured property

should be mortgaged. The form of the policy in question was prepared after the decision of the *Merrill* case, and we think that the use of the word " entire " in this policy may be held to distinguish this from that case.

In *Smith* v. same defendant (118 N. Y. 518), the policy provided that " if the property, either real or personal, or any part thereof, shall be incumbered by mortgage, judgment or otherwise, it must be so represented to the company in the application, otherwise this entire policy shall be void." It was held that the claim was not divisible, and that the mortgaging of any portion of the property invalidated the whole policy. In the latter case, however, it will be seen that the words " or any part thereof," were contained in the policy, which it may be claimed distinguishes it from the policy in question.

The word " entire " has no significance in the contract unless it be held that mortgaging a part of the insured property makes it wholly void, for if the entire property insured be mortgaged of course the policy is wholly void, and in such case the use of the word " entire " would have no significance.

It has no meaning in the contract unless it be construed as making the policy void in toto, in case a part only of the property insured be mortgaged. Experience has taught insurance companies that what is known as the moral hazard is an exceedingly important factor in their business.

It is a well-known fact that during periods of financial and business depression losses by fire of insured property largely increase in number. The right is reserved in this policy to the company to arbitrarily cancel the policy at any time.

Had the company been advised that Mr. Kiernan was placing mortgage after mortgage upon his property insured; that he had suffered a judgment to be recovered against him, it would undoubtedly have availed itself of the right reserved to cancel the policy; its officials would have concluded that there was a moral hazard which they did not wish to be subjected to.

It was this moral hazard defendant was guarding against when it provided in the contract that if the parties insured should incumber the property insured by judgment, mortgage or otherwise (thereby evidencing that they were embarrassed pecuniarily) the company

would not any longer carry the risk; that the entire policy should be void. The real estate was incumbered, as we have seen, by a mortgage of $2,300, at the time the policy was issued; a judgment was thereafter docketed which was an additional lien thereon, and all of the personal property insured liable to levy and sale under execution was mortgaged; the only property not mortgaged was the household furniture, which was exempt from. levy and sale under execution. The furniture was in the insured house and was likely to burn with the house. We think that under the circumstances it must be held that the policy was wholly void. The court, in *Stevens* v. *The Queen Ins. Co.* (81 Wis. 335), takes a like view of the question. A number of authorities to the same effect can be found in Clement's Digest of Fire Insurance Cases, page 92. One of the cases in this digest is *Holloway* v. *Dwelling House Ins. Co.* (21 Ins. L. J. 379), decided by the St. Louis Court of Appeals. The substance of the case is stated as follows: "Although building and contents may be separately valued, if policy provides that this entire policy shall be void in event of violation of certain conditions, and such violation affects the realty or building only, the loss is not severable and the entire policy is void." The word "entire" is italicised by the author. In *Knowles* v. *American Ins. Co.* (21 N. Y. Supp. 50), the General Term, third department, and the New York Common Pleas in *American Artistic Gold Stamping Co.* v. *Glens Falls Ins. Co.* (20 N. Y. Supp. 646), have taken a different view of this question. These cases fail to meet our approval. We think they fail to give full effect and meaning to the word "entire" in the policy.

The plaintiff failed to make a case for reforming the policy. The judgment appealed from should be affirmed, with costs.

HAIGHT and BRADLEY, JJ., concurred.

Judgment appealed from affirmed, with costs.