WILLIAM KIERNAN, Individually and as Executor, etc., of JAMES KIERNAN, Deceased, and Another, Appellants, *v.* THE AGRICULTURAL INSURANCE COMPANY of Watertown, N. Y., and Another, Respondents.

*Insurance policy — condition therein forbidding the incumbrance of the insured property — violation of the condition as to part of the insured property — the policy is not void as to the remainder.*

A policy of insurance, covering a house and the furniture therein respectively in specified amounts, contained a condition that the entire policy should be void "if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage," and, also, that "if the property, real or personal, covered by this policy be or become incumbered by a mortgage, trust deed, judgment or otherwise, this entire policy shall be void, unless otherwise provided."

*Held,* that by the incumbrance of a portion of the insured property the policy was only vitiated as to the incumbered property; that is to say, if the real property was incumbered, the policy as to that only was void, and the same as to the personal property, or so much of it as was incumbered in the manner therein mentioned in violation of the condition in such policy contained.

REARGUMENT of an appeal by the plaintiffs, William Kiernan, individually, and as executor, etc., of James Kiernan, deceased, and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Cattaraugus on the 29th day of September, 1892, upon the decision of the court, rendered after a trial at the Cattaraugus Special Term, dismissing the plaintiffs' complaint.

*E. D. Northrup*, for the appellants.

*A. H. Sawyer*, for the respondents.

BRADLEY, J. :

By the policy in question the defendant corporation insured the plaintiffs against loss by fire on a dwelling house $2,000, and on certain personal property therein $300 ; also on other personal property specified amounts. The house and its contents were destroyed by fire.

The trial court determined that the insurance on the property covered by it was indivisible for the purposes of relief, and that the incumbrance placed upon such other personal property and the lien by judgment created upon the real property subsequent to the inception of the policy rendered it entirely void.

The judgment for the defendants was affirmed. (72 Hun, 519.)

Since then the affirmance by the Court of Appeals of the decision in *Knowles* v. *American Ins. Co.* (66 Hun, 220 ; 142 N. Y. 641) has furnished a reason for the reconsideration of this case.

There the divisibility of the insurance was held available to render it effectual as to a part of the property, although it was void as to the other portion of the property covered by it. By the policy in that case the insurance on a crop of hops of 1889 was $1,200 and on that of 1890 $800. It provided that the entire policy should be void " if the subject of the insurance be personal property, and be or become incumbered by a chattel mortgage." There was such a mortgage upon the crop of 1889. Both crops were in the same hop house, and were destroyed by fire. It was held that the policy was void as to the crop of 1889, and valid as to the other. The question here is, whether in view of the doctrine of the *Knowles* case the trial court erred in dismissing the complaint. The contract of insurance contains the condition that the entire policy shall be void unless otherwise provided " if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage." Also, that " If the property, real or personal, covered by this policy be or become incumbered by a mortgage, trust deed, judgment or otherwise, this entire policy shall be void unless otherwise provided," etc. The former of these two provisions corresponds with that in question in the *Knowles* case. It was there

construed to mean that the entire policy should be void as to the property so incumbered. The application of that rule of interpretation to the policy in the present case would seem to lead to the conclusion that it remained valid as to the insurance of $300 on the personal property in the dwelling house. It is true that the condition last before mentioned is somewhat broader than the other, as it relates to both real and personal property, and is applied to the policy in question. And while it may be so interpreted as to import that an incumbrance upon the real property would render the policy as a whole void, it is not, in view of the construction given to the other provision in the *Knowles* case, necessarily entitled to such effect. But by it as well as by the other, the policy may be deemed vitiated only as to the incumbered property covered by it; that is to say, if the real property is incumbered the policy as to that is void, and the same as to the personal property, or so much of it as is incumbered in the manner therein mentioned, in violation of the condition. And thus the language employed does not take the contract out of the rule of construction applied to the policy in *Merrill* v. *Agricultural Ins. Co.* (73 N. Y. 452).

This meaning given to the term "entire policy" was obviated in *Smith* v. *Ins. Co.* (118 N. Y. 518) by the more definite provision of the policy that "If the property, either real or personal, or any part thereof, shall be incumbered  *  *  *  this entire policy and every part thereof shall be void."

Upon the authority of the *Knowles* case the judgment should be reversed and a new trial granted, costs to abide the event.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from reversed and new trial granted, costs to abide the event.