DE WITT C. KING, Respondent, *v.* THE TIOGA COUNTY PATRONS FIRE RELIEF ASSOCIATION, Appellant.

*County co-operative insurance company — a warranty against incumbrances construed in connection with a by-law that misrepresentation increasing the risk shall avoid the policy — recovery for personal property separately valued in a policy which is void as to real property.*

Under a policy of insurance issued by a county co-operative insurance company, incorporated under chapter 362 of the Laws of 1880, referring to the application therefor as "forming a part of this policy," a statement in the application that the property insured is not incumbered, when in fact it is, constitutes a warranty, and prevents a recovery upon the policy. This is so, although the by-laws of the insurance company provide that, "in case there shall be any misrepresentation or omission of circumstances required by the association, increasing the hazard of the property therein described, it shall render void any policy issued on such application," as this provision of the by-laws must be deemed to refer to a misrepresentation of the insured not constituting a warranty.

MERWIN and LANDON, JJ., dissented.

An affirmative warranty and a promissory warranty distinguished.

Although the policy is rendered void as to the real property covered by it, by the breach of the warranty against incumbrances, that fact does not prevent a recovery for personal property which was separately valued in the policy, notwithstanding the fact that but one premium was paid upon both the real and personal property insured.

APPEAL by the defendant, The Tioga County Patrons Fire Relief Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tioga on the 31st day of March, 1898, upon the decision of the court rendered after a trial at the Tioga Trial Term before the court without a jury.

*Martin S. Lynch* and *Frederick Collin*, for the appellant.

*H. A. Clark*, for the respondent.

PUTNAM, J.:

The defendant, by its policy of insurance No. 1,436, insured certain real and personal property of the plaintiff for the term of five years from the 5th day of April, 1896. In the application for insurance the following questions were proposed to the insured and answers given: "Value of farm on which buildings are situated,

4000. In whom is the title vested? D. C. King. *Is it encumbered? No.*" In the contract for insurance the application was referred to as "forming a part of this policy." In fact, at the time the policy was issued, there was a mortgage on the buildings insured for the sum of $600.

We think it well settled in this State that where, by the terms of a contract of insurance, the application is made a part of the policy, answers made to specific questions in the application are deemed warranties, and, if untrue, prevent a recovery on the policy. (*Egan* v. *The Mutual Ins. Co. of Albany,* 5 Den. 326; *Shoemaker* v. *Glens Falls Ins. Co.,* 60 Barb. 84; *Pierce* v. *Empire Ins. Co.,* 62 id. 636; *Ripley* v. *Ætna Ins. Co.,* 30 N. Y. 136; *First N. Bank of Ballston Spa* v. *Ins. Co. of N. A.,* 50 id. 45; *Clemans* v. *S. A. R. S. of G. F.,* 131 id. 485; *Dwight* v. *Germania Life Ins. Co.,* 103 id. 341; *Armour* v. *Transatlantic Fire Ins. Co.,* 90 id. 450.)

In such a case the statements contained in the application are made material by the contract. (*Shoemaker* v. *Glens Falls Ins. Co.; Pierce* v. *Empire Ins. Co., supra.*) In the opinion in *Graham* v. *Fireman's Ins. Co.* (87 N. Y. 69, 77) it is said: "And in a case like this, when a specific inquiry is made, the question of the materiality of the statement in respect to the risk is settled by the parties as a matter of contract. A broad distinction exists whether the statement is made in answer to inquiries or otherwise. In the one case the answers are made material by the act of the assured, whether they are in fact or not, while in the other case, even though the statements are made a part of the policy, they are not efficacious as warranties, although material in fact. (Wood on Fire Ins. 422, § 214.) This is especially the case when the inquiry calls upon the party to communicate the nature of his interest in the property, and he is bound to answer accurately and at his peril."

The answers made by the plaintiff in the application as to incumbrances on the property insured, being a warranty and material to the risk by the contract of the parties, a recovery in favor of the plaintiff cannot be sustained, notwithstanding the provisions of section 20 of the by-laws of the defendant that, "in case there shall be any misrepresentation or omission of circumstances required by the association *increasing the hazard of the property therein described,* it shall render void any policy issued on such application." This

provision of the defendant's by-laws must be deemed to refer to a misrepresentation of the insured not constituting a warranty.

In *Shoemaker* v. *Glens Falls Ins. Co.* (*supra*), where the facts considered as to the warranty, form of policy and application were similar to those in this case, the conditions required that applications for insurance should be in writing, and that any misrepresentations, concealment, suppression or omission of facts or circumstances known to the insured, *increasing the hazard of the property*, whether inquiry should be made in respect to it in the application or not, should avoid the policy. It was held, an untrue answer having been given to a specific question in the application, that a recovery on the policy could not be sustained. (See, also, *Pierce* v. *Empire Ins. Co.; First Nat. Bank of Ballston Spa* v. *Ins. Co. of N. A.*, *supra*.)

We think the authorities cited in the memorandum of the learned trial judge are not parallel. In insurance contracts there are two kinds of warranties. (11 Am. & Eng. Ency. of Law [1st ed.], 293.) "Warranties are affirmative or promissory. An affirmative warranty is one which affirms the existence of certain facts at the time of the insurance. A promissory warranty is one which requires the performance or omission of certain things, or the existence of certain facts after the taking out of the insurance." A breach of an affirmative warranty avoids the policy. But in case of a promissory warranty, sometimes a question of fact may arise as to whether there has been a breach thereof. Such was the case of *Armstrong* v. *Germania Fire Ins. Co.*, referred to by the trial judge, the warranty in that case being that any increase of hazard by change of use or occupancy, vacancy or non-occupancy, unless especially agreed to in writing upon this policy, would avoid the contract.

In *Cornish* v. *Farm Buildings Fire Ins. Co.* (74 N. Y. 295) the warranty was similar. In both of those cases it was promissory, and related to a future increase of hazard, and a question of fact arose as to whether there had in fact been such an increase.

We have examined the cases cited by the learned counsel for the respondent, and are of opinion that they do not conflict with the doctrine established in the authorities to which we have referred.

With some hesitation we reach the conclusion that a recovery as to the personal property described in the policy on which the plaintiff sought to recover, can be had. (*Kiernan* v. *Agricultural Ins.*

*Co.*, 81 Hun, 373; *Merrill* v. *Agricultural Ins. Co.*, 10 id. 428; 73 N. Y. 452; *Knowles* v. *American Ins. Co. of Boston*, 66 Hun, 220; 142 N. Y. 641.)

The learned counsel for the appellant urges that, by the provisions of the statute under which the defendant was incorporated (Chap. 362, Laws of 1880) and its by-laws, the company was only authorized to insure such personal property in connection with the building in which the same was contained; hence, that the contract could not be deemed severable, it appearing that the defendant would not have assumed the risk of the personal property separate from the building in which it was situated. But in *Pratt* v. *D. H. M. F. Ins. Co.* (130 N. Y. 206), where the defendant was also organized under the provisions of chapter 362, Laws of 1880, it appeared that there was a mortgage upon the building insured. In his opinion VANN, J., said : " Moreover, the condition in regard to encumbrances affected nothing except the real estate, which was but part of the subject of insurance, and a breach thereof did not affect the remainder of the contract, as it related only to the personal property which was not mortgaged.

" Whatever the rule may be elsewhere, it is settled in this State that where insurance is made on different kinds of property, each separately valued, the contract is severable, even if but one premium is paid, and the amount insured is the sum total of the valuations."

The judgment should, therefore, be reversed and a new trial granted, unless the plaintiff stipulates to reduce the recovery to the sum of $634, and if he so stipulates the judgment as so modified should be affirmed, without costs of this appeal to either party.

All concurred, except MERWIN and LANDON, JJ., dissenting.

MERWIN, J. (dissenting) :

The policy and application are to be construed in connection with section 20 of the defendant's by-laws. That by-law is as follows :

" § 20. Applications for insurance shall be made in the form furnished by the association, and signed by the applicant ; and, in case there shall be any misrepresentation or omission of circumstances required by the association, increasing the hazard of the property therein described, it shall render void any policy issued on such application."

The application is made in pursuance of this by-law. Neither the policy nor the application state what construction or effect is to be given to the application. It is only the by-law that speaks on that subject. The expression " any misrepresentation," refers solely to the statements in the application. It covers the misstatement complained of in this case, and it expressly provides what the effect shall be. I do not think we are called upon to give any greater effect than the parties, by the by-law, have expressly stated. If the hazard was increased, the policy should be void, otherwise not.

The court found that the hazard was not increased, and properly, I think, gave judgment for the plaintiff for the full amount.

LANDON, J., concurred.

Judgment reversed and a new trial granted, with costs to abide the event, unless the plaintiff stipulates to reduce the recovery to the sum of $634; if he so stipulates, the judgment, as so modified, affirmed, without costs of this appeal to either party.