## KING v. TIOGA COUNTY PATRONS' FIRE–RELIEF ASS'N.

(Supreme Court, Appellate Division, Third Department.   November 22, 1898.)

1. INSURANCE—VALIDITY OF CONTRACT—MISREPRESENTATIONS—WARRANTIES.

Where plaintiff stated, in response to a question in an application for insurance, which was referred to in the contract as "forming a part of this policy," that the property to be insured was not incumbered, when, in fact, there was a mortgage thereon, such statement constituted a warranty, and was material to the risk; and therefore a recovery in favor of plaintiff could not be sustained, notwithstanding the fact that a by-law of the defendant association provided that, "in case there shall be any misrepresentation or omission of circumstances required by the association, increasing the hazard of the property therein described, it shall render void any policy issued on such application," as such provision must be deemed to refer to a misrepresentation which does not constitute a warranty.

2. SAME—SEVERABLE CONTRACTS.

On a policy insuring both real and personal property, a recovery may be had as to the personalty, though such policy is void as to the realty because of a mortgage thereon in violation of the terms of the contract.

Merwin and Landon, JJ., dissenting.

Appeal from special term.

Action by De Witt C. King against the Tioga County Patrons' Fire-Relief Association. From a judgment in favor of plaintiff, defendant appeals. Reversed on condition.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Martin H. Lynch (Frederick Collin, of counsel), for appellant.
Clark & Tuthill (H. A. Clark, of counsel), for respondent.

PUTNAM, J.   The defendant, by its policy of insurance No. 1,436, insured certain real and personal property of the plaintiff for the term of five years from the 5th day of April, 1896. In the application for insurance the following questions were proposed to the insured and answers given: "Value of farm on which buildings are situated, $4,000. In whom is the title vested?   D. C. King.   Is it incumbered?   No." In the contract for insurance the application was referred to as "forming a part of this policy." In fact, at the time the policy was issued, there was a mortgage on the buildings insured for the sum of $600.

We think it well settled in this state that where, by the terms of a contract of insurance, the application is made a part of the policy, answers made to specific questions in the application are deemed warranties, and, if untrue, prevent a recovery on the policy.   Egan v. Insurance Co., 5 Denio, 326; Shoemaker v. Insurance Co., 60 Barb. 84; Pierce v. Insurance Co., 62 Barb. 636; Ripley v. Insurance Co., 30 N. Y. 136; First Nat. Bank v. President, etc., Insurance Co. of North America, 50 N. Y. 45; Clemans v. Society, 131 N. Y. 485, 30 N. E. 496; Dwight v. Insurance Co., 103 N. Y. 341, 8 N. E. 654; Armour v. Insurance Co., 90 N. Y. 450.   In such a case, the statements contained in the application are made material by the contract.   Shoemaker v. Insurance Co.; Pierce v. Insurance Co., supra.   In the opinion in Graham v. Insurance Co., 87 N. Y. 69–77, it is said:

"And in a case like this, when a specific inquiry is made, the question of the materiality of the statement in respect to the risk is settled by the parties as a matter of contract. A broad distinction exists whether the statement is made in answer to inquiries or otherwise. In the one case, the answers are made material by the act of the insured, whether they were in fact or not; while in the other case, even though the statements are made a part of the policy, they are not efficacious as warranties, although material in fact. Wood, Ins. p. 422, § 214. This is especially the case when the inquiry calls upon the party to communicate the nature of his interest in the property, and he is bound to answer accurately and at his peril."

The answer made by the plaintiff in the application as to incumbrances on the property insured being a warranty and material to the risk, by the contract of the parties, a recovery in favor of the plaintiff cannot be sustained, notwithstanding the provisions of section 20 of the by-laws of the defendant, that, "in case there shall be any misrepresentation or omission of circumstances required by the association increasing the hazard of the property therein described, it shall render void any policy issued on such application." This provision of the defendant's by-laws must be deemed to refer to a misrepresentation of the insured not constituting a warranty. In Shoemaker v. Insurance Co., supra, where the facts, considered as to the warranty, form of policy, and application, were similar to those in this case, the conditions required that applications for insurance shall be in writing, and that any misrepresentation, concealment, suppression, or omission of facts or circumstances, known to him, increasing the hazard of the property, whether inquiry shall be made in respect to it in the application or not, shall avoid the policy. It was held, an untrue answer having been given to a specific question in the application, that a recovery on the policy could not be sustained. See, also, Pierce v. Insurance Co., and First Nat. Bank v. President, etc., Insurance Co. of North America, supra. We think the authorities cited in the memorandum of the learned trial judge are not parallel. In insurance contracts there are two kinds of warranties. 11 Am. & Eng. Enc. Law (1st Ed.) 293. "Warranties are affirmative or promissory. An affirmative warranty is one which affirms the existence of certain facts at the time of the insurance. A promissory warranty is one which requires the performance or omission of certain things, or the existence of certain facts, after the taking out of the insurance." A breach of an affirmative warranty avoids the policy. But, in case of a promissory warranty, sometimes a question of fact may arise as to whether there has been a breach thereof. Such was the case of Armstrong v. Insurance Co., 57 Hun, 593, 11 N. Y. Supp. 944, referred to by the trial judge, the warranty in that case being that any "increase of hazard, by change of use or occupancy, vacancy, or nonoccupancy, unless especially agreed to in writing upon this policy, will avoid the contract." In Cornish v. Insurance Co., 74 N. Y. 295, the warranty was similar. In both of these cases it was promissory, and related to a future increase of hazard, and a question of fact arose as to whether there had in fact been such an increase. We have examined the cases cited by the learned counsel for the respondent, and are of opinion that they do not conflict with the doctrine established in the authorities to which we have referred. With some hesitation,

we reach the conclusion that a recovery as to the personal property described in the policy on which the plaintiff sought to recover can be had.    Kiernan v. Insurance Co., 81 Hun, 373, 30 N. Y. Supp. 892; Merrill v. Insurance Co., 10 Hun, 428, 73 N. Y. 452; Knowles v. Insurance Co., 66 Hun, 220, 21 N. Y. Supp. 50; Id., 142 N. Y. 641, 37 N. E. 567.

The learned counsel for the appellant urges that by the provisions of the statute under which the defendant was incorporated (Laws 1880, c. 362), and its by-laws, the company was only authorized to insure such personal property in connection with the building in which the same was contained; hence that the contract could not be deemed severable, it appearing that the defendant would not have assumed the risk of the personal property separate from the building in which it was situated.    But in Pratt v. Insurance Co., 130 N. Y. 200, 29 N. E. 117, where the defendant was also organized under the provisions of chapter 362, Laws 1880, it appeared that there was a mortgage upon the building insured.    In his opinion, Vann, J., said:

"Moreover, the condition in regard to incumbrances affected nothing except the real estate, which was but a part of the subject of insurance, and a breach thereof did not affect the remainder of the contract, as it related only to the personal property, which was not mortgaged.  Whatever the rule may be elsewhere, it is settled in this state that where insurance is made on different kinds of property, each separately valued, the contract is severable, even if but one premium is paid and the amount insured is the sum total of the valuations."

The judgment should therefore be reversed, and a new trial granted, unless the plaintiff stipulates to reduce the recovery to the sum of $634; and, if he so stipulates, the judgment as so modified should be affirmed, without costs of this appeal to either party.    All concur, except MERWIN and LANDON, JJ., dissenting.

MERWIN, J. (dissenting).    The policy and application are to be construed in connection with by-law 20.    That by-law is as follows:

"Sec. 20. Applications for insurance shall be made in the form furnished by the association, and signed by the applicant; and, in case there shall be any misrepresentation or omission of circumstances required by the association, increasing the hazard of the property therein described, it shall render void any policy issued on such application."

The application is made in pursuance of this by-law.    Neither the policy nor the application states what construction or effect is to be given to the application.    It is only the by-law that speaks on that subject.    The expression, "any misrepresentation," refers solely to the statements in the application.    It covers the misstatement complained of in this case, and it expressly provides what the effect shall be.    I do not think we are called upon to give any greater effect than the parties, by the by-law, have expressly stated.    If the hazard was increased, the policy should be void; otherwise not.    The court found that the hazard was not increased, and, properly, I think, gave judgment for the plaintiff for the full amount.

LANDON, J., concurs.